State vs. Demareste.

## No. 1,207.

### THE STATE OF LOUISIANA VS. LOUIS DEMARESTE.

1. In case a confession is made by an accused to the officer who holds him in custody, it is admissible in evidence against him, if it was freely and voluntarily made, and totally disconnected from any previous conversation or communication on the subject.
2. Proof of threats made against the life of the accused by the deceased, and communicated previous to the homicide, are inadmissible, unless a proper foundation is first laid for the introduction thereof, by evidence of some overt act, or hostile demonstration made by the accused at the time of the fatal assault upon him.
3. A written declaration of an accused person in the English language, taken at a coroner's inquest, is admissible in evidence, notwithstanding his mother tongue is French, and he had no knowledge of the English language, if, sentence by sentence, it was translated into the French language, in his presence and hearing and by him admitted to be understood and correct.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read*, J.

---

*J. C. Gibbs*, District Attorney, for the State, Appellee.

---

*Fournet & Pujo* for Defendant and Appellant.

---

The opinion of the Court was delivered by

WATKINS, J. The accused appeals from an unqualified verdict of guilty, on a charge of murder, and a sentence of death. His only complaint is of the rulings of the trial judge in regard to the introduction of certain testimony *pro* and *con* during the progress of the trial; and to which bills of exception were reserved.

### I.

The first bill of exceptions was reserved to the reception of the evidence of J. W. Coly, witness for the State, who testified that he was the officer who arrested the accused, and, accompanied by the sheriff, went with him to the scene of the homicide; that, whilst on their way to the scene of the homicide, the accused and Reed, the sheriff, conversed about the homicide, the accused relating to the latter the circumstances of the killing of the deceased, in his mother tongue, the French language, of which he (witness) was ignorant; that, subsequently, the import of said conversation was made known to him by Reed, who translated it into English; that, when arrived at the scene of the homicide the accused made a statement in English, in regard to the circumstances of the homicide,

which statement was free and voluntary, and without any extraneous influence having been exercised upon him, and altogether disconnected from the conversation between the accused and the sheriff, previously related.

His ground of objection is that the proof did not fully and affirmatively show that the conversation last related to witness was disconnected from that previously held with the sheriff in the French language.

The trial judge certified that the two statements of the accused were "unconnected and entire," and free and voluntary.

We are satisfied, from this statement, that he correctly overruled defendant's objections.

## II.

The second bill of exceptions was reserved to the judge's refusal to permit defendant's counsel to introduce any evidence of alleged previous threats of the deceased against the life of the accused, duly communicated to him previous to the homicide. The judge assigns that the proper foundation had not been laid for the introduction of such testimony; "that the evidence had disclosed no menace, and the circumstances did not, from their nature, afford any ground of apprehension of danger to any sane man — the evidence, explained by the situation, and the gestures, proving the contrary."

This view of the evidence is fully substantiated by the substance of the statement made by the accused as a witness in his own favor, which is found incorporated in the bill, and which is as follows, viz :

"That, on the morning of the homicide, he came up with deceased. Deceased was in a wagon. He asked deceased why he forbade him (accused) to go to his mother-in-law's house. Deceased replied that he did not forbid him going to his house, but before he (accused) could go there, he (deceased) would kill accused, or accused would him (deceased). That deceased was in a wagon and leaned over as though to get an arm, and accused shot, and, in his anger, shot him the second time, as deceased was still moving."

There is, in this confession, not a single circumstance of mitigation, or extenuation of the offense. Instead of the deceased being armed and in 'attitude to assault the accused, he appears to have been unarmed, unresisting and defenseless. It fails to disclose any semblance of self-defense, but that the homicidal act was unprovoked and cruel in the extreme. There is no merit in the exception. State vs. Ford, 37 Ann· 460 ; State vs. Jackson, 33 Ann. 1087 ; State vs. Vines, 34 Ann. 1078.

## III.

The next bill appertains to the admission in evidence, over the objection of the accused, of the written statement of the latter, which was taken at the coroner's inquest. His objection is that the declaration was made in the French language, and translated, and written in English, and the evidence adduced on the trial did not affirmatively show that the accused understood English.

The judge assigns as his reason for overruling this objection, that it appeared "from the testimony of several witnesses that the statement was read to the accused in English, which he professed to understand and (the statement was not) objected to; that, sentence by sentence (it was) translated to him in French (and) he recognized its correctness."

We think it clear that the accused understood the statement, and that it was competent, and better evidence than the recolleceion of the bystanders.

Judgment affirmed.